UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-CV-10633-RGS

GILDO CUBELLIS and
SHIRLEY CUBELLIS

v.

MARRIOTT INTERNATIONAL, INC.,
HUTCHINSON ISLAND MARRIOTT, and
COLUMBIA PROPERTIES STUART, LLC

MEMORANDUM AND ORDER ON MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR A CHANGE OF VENUE

October 6, 2010

STEARNS, D.J.

BACKGROUND

This diversity action arises from a slip and fall injury at the Hutchinson Island Marriott Beach Resort and Marina (Premises) in Stuart, Florida. On April 17, 2007, Gildo Cubellis, a Massachusetts resident, hosted his daughter's wedding on the Premises. As a hotel guest and member of the affiliated Hutchinson Island Marriott Ocean Club, Cubellis was an invitee on the Premises at all relevant times. On April 20, 2007, in the afterglow of the wedding celebration, Cubellis was descending a wooden staircase towards a beach serving hotel guests when he slipped or tripped on sand that had accumulated on the steps. He suffered serious injuries as a result of the ensuing fall.

Cubellis's Complaint alleges negligence, negligent design and installation, and negligent infliction of emotional distress. Shirley Cubellis, Gildo's wife, brings a companion

claim for loss of consortium.  Defendant Marriott International, Inc. (Marriott) seeks to be dismissed from the lawsuit for lack of personal jurisdiction or, in the alternative, for a change of venue to the Southern District of Florida. The Cubellises have not opposed the motion.

The Complaint alleges in relevant part that Marriott manages or maintains the Premises, and that defendant Columbia Properties Stuart, LLC (Columbia), owns, manages, or maintains the Premises.  Marriott contends that it is merely a franchisor without any day-to-day role in the operation of the Premises.  Columbia, for whatever reason, has not been served by plaintiffs.  The claim of personal jurisdiction rests on diversity of citizenship.  The Cubellises are residents of Massachusetts, while defendants are foreign corporations incorporated in, or doing business in, Florida, Delaware, and Kentucky.

## DISCUSSION

Section 1404(a) of Title 28 of the United States Code  provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  "The statute is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

There is a strong presumption in favor of a plaintiff's choice of the litigating forum. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). The burden of proving that a transfer is warranted therefore rests with the defendant.   Berrigan v. Greyhound Lines, Inc., 560

F. Supp. 165, 169 (D. Mass.1982), aff'd, 782 F.2d 295 (1st Cir.1986).  The decision to transfer a case to a more convenient forum is a matter ultimately committed to the discretion of the court.  Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737 (1st Cir.1977).  The court's exercise of discretion requires consideration of a number of factors in addition to the plaintiff's choice of a forum.  "Under § 1404(a), a district court may transfer any civil action to any other district where it may have been brought '[f]or the convenience of parties and witnesses, in the interest of justice.'"  28 U.S.C. § 1404(a).

In addition to the convenience of parties and witnesses, the factors to be considered by the court include the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction."  Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000).  Courts also examine the relationship between the facts of the case and a plaintiff's chosen forum.  "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . .  There is a local interest in having localized controversies decided at home.  There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case."  Gulf Oil, 330 U.S. at 508-509.

Of the factors to be considered, the convenience of witnesses is the factor most often weighed and is "[p]robably the most important factor."  Brant Point Corp. v. Poetzsch, 671 F. Supp. 2, 3 (D. Mass. 1987).  The court will consider the number of witnesses located in both the transferor and transferee districts, the nature and quality of the testimony of these witnesses, and whether or not the witnesses can be compelled to testify.  Id. at 3-4 (citations omitted).  Marriott points persuasively to the obvious: the

3

Premises on which Gildo Cubellis injured himself is located in Florida, as are almost all of the expected witnesses, including the employees of the Premises and the initial treating medical personnel.  The only witnesses that are located in the District of Massachusetts are the Cubellises; however, given that they maintain a permanent residence in Florida (and are members of the Premises' Ocean Club), they face no real inconvenience in litigating the case in Florida.  The court strongly suspects that the only convenience at play in the filing of the lawsuit is that of the Cubellises' attorney.  The fact that the non-party Florida-based witnesses are beyond the subpoena power of this court also weighs heavily in favor of Marriott's motion to transfer venue.  See Fed. R. Civ. P. 45(b)(2).  Finally, the appropriateness of trying this case in a forum familiar with the governing substantive law provides a final makeweight, if one is needed.  See Gulf Oil, 330 U.S. at 508-509.

Although not a statutory factor, from a public interest perspective, it is plain as a pikestaff that Florida has a greater interest than Massachusetts in domesticating and resolving the claims in dispute.  The only relationship the litigation bears to Massachusetts is that the plaintiffs are sometime residents of the Commonwealth.

ORDER

For the foregoing reasons, the motion to transfer venue is ALLOWED.  The Clerk will transfer the case to the United States District Court for the Southern District of Florida with a copy of this Memorandum and Order.[1]

SO ORDERED.

---

[1] Given the transfer of venue, there is no need for this court to discuss Marriott's personal jurisdiction arguments.

4

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE